**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

# 05  1133 MEL

CIVIL ACTION NO. _____

LUCIA VILLANUEVA
     Plaintiff,

MAGISTRATE JUDGE _Alexander_

v.

TOR REY USA, INC.,
     Defendant

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE 6/24/05

## NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS:**

The defendant in the above-entitled matter, Tor Rey USA, Inc.,

respectfully states as follows:

1.    On or after June 5, 2005, the defendant received a Summons,

Complaint, Interrogatories and Request for Production of Documents in the

above action of <u>Lucia Villanueva v. Tor Rey USA, Inc.</u>, pending in Suffolk County

Superior Court, Civil Action No. 05-2173-D.  Copies of the referenced Summons

and Complaint are attached hereto as Exhibit A.  The defendant has not

answered the referenced papers and an Appearance has been filed in the Suffolk

County Superior Court with a Notice of Filing of this Notice of Removal.

2. This Notice of Removal is filed with this Court within 30-days after receipt by the defendant of the initial pleadings setting forth the claims for relief upon which this action is based.

3. Plaintiff is an individual who resides in Chelsea, Suffolk County, Massachusetts.

4. Defendant is a corporation organized and existing under the laws of the State of Texas with a principal place of business in Texas

5. The above-described action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and this action may be removed to this Court by the defendant pursuant to the provisions of 28 U.S.C. §1441.

6. This action is removable pursuant to the provisions of 28 U.S.C. §1441 because this is a civil action wherein the amount in controversy exceeds the sum of or value of $75,000, exclusive of interests and costs, and plaintiff and defendant are citizens of different states.

7. The defendant filed a Notice of Filing this Notice of Removal and a copy of this Notice of Removal with the Clerk of the Suffolk County Superior Court.

8. The defendant states that there are no Motions pending before the Suffolk County Superior Court to its knowledge.

9.      Pursuant to Local Rules 81.1(a), the defendant requested that the

Clerk at the Suffolk County Superior Court certify or attest copies of all records or

proceedings filed in the State Court and all docket entries therein, with the same

to be filed with this Court within 30-days.

WHEREFORE, the defendant, in the above action, now pending in Suffolk

County Superior Court, prays that such action be removed to this Court.

Date:  June 17, 2005                    Respectfully submitted,

By:_____

N.  Kane Bennett of
**HALLORAN & SAGE, LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
BBO# 636731
Attorney for the Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record of each party on June 17, 2005.

Michael R. Rezendes, Esq.
**Rezendes & Trezise**
Batterymarch Park II
Quincy, MA 02169
BBO# 417840
(617) 472-3900

N. Kane Bennett, Esq.
Halloran & Sage, LLP
BBO #636731

700363.1(HSFP)

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-2173-D

_Lucia Villaneuva_ , Plaintiff(s)

v.

_Tor Rey USA, Inc._ , Defendant(s)

## SUMMONS

To the above-named Defendant: _Tor Rey USA, Inc._

You are hereby summoned and required to serve upon _Michael R. Rezendes, Rezendes & Treuise_
plaintiff's attorney, whose address is _Batterymarch Park II, Quincy, MA 02169_, an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ~~Suzanne V. DelVecchio~~ Barbara J. Rouse, Esquire, at Boston, the_____ day of
_____, in the year of our Lord two thousand _____.

_Michael Joseph Donovan_

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) TORT · (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

## Commonwealth of Massachusetts
### County of Suffolk
### The Superior Court

CIVIL DOCKET# **SUCV2005-02173-D**

RE:    **Villanueva v Tor Rey USA Inc**

TO: Michael R Rezendes, Esquire
Rezendes & Trezise
Batterymach Park II
Quincy, MA 02169

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 08/29/2005 |
| Response to the complaint filed (also see MRCP 12) | 10/28/2005 |
| All motions under MRCP 12, 19, and 20 filed | 10/28/2005 |
| All motions under MRCP 15 filed | 10/28/2005 |
| All discovery requests and depositions completed | 03/27/2006 |
| All motions under MRCP 56 served and heard | 04/26/2006 |
| Final pre-trial conference held and firm trial date set | 05/26/2006 |
| Case disposed | 07/25/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session D sitting in CtRm 314, 3 Pemberton Square, Boston at **Suffolk Superior Court.**

Dated: 06/02/2005

Michael Joseph Donovan
Clerk of the Courts
BY: Jane M. Mahon
Assistant Clerk

Location: CtRm 314, 3 Pemberton Square, Boston
Telephone: 617-788-8110

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                          SUPERIOR COURT
                                     C.A. NO. NEW ENTRY


LUCIA VILLANUEVA          )
          Plaintiff       )
                          )
VS.                       )
                          )
TOR REY USA INC.          )
          Defendant       )


## **COMPLAINT**


1.   Plaintiff, Lucia Villanueva, is a resident of Chelsea,
     Massachusetts.

2.   Defendant, Tor Rey USA Inc. is a foreign corporation with a
     usual place of business at 3737 Yale Street, Houston, Texas
     and regularly transacts and solicits business and derives
     revenue from goods and equipment sold, purchased and used
     within the Commonwealth of Massachusetts.


### *COUNT I*

3.   On or about February 18, 2005, the Plaintiff, Lucia Villanueva
     was caused to sustain serious and permanently disabling
     injuries when her right hand was caused to be pulled into a
     meat grinder which was designed, redesigned, manufactured,
     remanufactured, serviced, repaired, inspected, sold, distributed
     and/or placed into the stream of commerce by defendant, Tor
     Rey USA, Inc.

4.   The injuries sustained by the Plaintiff, Lucia Villanueva, were
     the direct and proximate result of the carelessness and
     negligence of the defendant, Tor Rey USA, Inc. as follows:

     a.        It was negligent in its, design, redesign, manufacture,
               remanufacture, service, repair, inspection, sale,
               distribution and installation of the subject machine;

b.   It negligently failed to warn, instruct, adequately warn or adequately instruct the Plaintiff concerning the dangerous and defective nature and propensities of the machine when it knew or in the exercise of due care should have known that persons such as this Plaintiff were ignorant of such in dangerous or defective characteristics;

c.   It negligently disposed of said machine and placed it into the channels of trade and the stream of commence when the defendant knew or in the exercise of reasonable care should have known that said machine was unreasonably dangerous and defective in nature and design or in a dangerous or defective condition;

d.   It negligently placed said machine into the channels of trade in a manner which the defendant foresaw or in the exercise of reasonable care should have foreseen would likely carry said machine into contact with persons such as the Plaintiff who are ignorant of the unreasonably dangerous and defective nature and characteristics of said machine including the Plaintiff.

5.   As a direct and proximate result of the negligence of the Defendant, Tor Rey USA, Inc. as herein above set forth, the Plaintiff, Lucia Villanueva, was caused to sustain serious and permanent physical and emotional injury. By reason of said injury, Plaintiff, Lucia Villanueva, has been caused to suffer permanent loss of function and mobility, she has been caused to incur expense for hospital, surgical and medical treatment, her ability to work and earn income has been impaired, her activities have been restricted and her ability to lead a normal life has been adversely affected.

Wherefore, the Plaintiff, Lucia Villanueva, prays judgment against the Defendant, Tor Rey USA, Inc. in an amount to be determined by a jury during the trial of the action together with the costs and interest on this action.

### COUNT II

6.   The Plaintiff, Lucia Villanueva, herein repeats and reavers each and every allegation contained within paragraphs 1 through 5 as though specifically rewritten and set forth herein.

2

7.  The Defendant, Tor Rey USA, Inc., expressly and impliedly warranted to the general public and to this Plaintiff in particular that said machine was safe merchantable and fit for the purpose for which it was intended.

8.  The Defendant, Tor Rey USA, Inc., breached its warranties in that said machine was unsafe, not of merchantable quality and was unfit for the purposes for which it was intended.

9.  Plaintiff relied upon the warranties made by the Defendant and was caused to suffer severe personal injury as a direct and proximate result of the breaches of said warranty by the defendant.

10. Due notice has been given to the defendant, Tor Rey USA, Inc., of its breaches of warranty.

11. As a direct and proximate result of the breaches of warranty of the Defendant, Tor Rey USA, Inc., all as here and above set forth, the Plaintiff, Lucia Villanueva, was caused to sustain serious and permanent physical and emotional injury, suffer permanent loss of function and mobility, she has been caused to incur expense for hospital, surgical and medical treatment, her ability to work and earn income has been impaired, her activities have been restricted and her ability to lead a normal life has been adversely affected.

Wherefore, the Plaintiff, Lucia Villanueva, prays judgment against the defendant, Tor Rey USA, Inc., in an amount to be determined by a jury during the trial of the action together with the costs and interest on this action.

## COUNT III

12. The Plaintiff, Lucia Villanueva, herein repeats and reavers each and every allegation contained within paragraphs 1 through 11 as though specifically rewritten and set forth herein.

13. At all times mentioned herewith the defendant, Tor Rey USA, Inc., was engaged in trade or commerce within the meaning of M.G.L. ch. 93A.

14. The carelessness, negligence and breaches of warranty of the defendant, as more particularly set forth hereinabove,

3

constitute unfair or deceptive acts or practices within the meaning of M.G.L. ch. 93A as defined by the regulations of the offices of Massachusetts Attorney General.

Wherefore, Plaintiff, Lucia Villanueva, demands judgment against defendant, Tor Rey USA, Inc. in treble the amount of any judgment awarded by a jury of this Court on Counts I and II of this Complaint plus reasonable attorneys fees, interest and costs of this action pursuant to the terms and provisions of M.G.L. ch. 93A.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted,
Plaintiff, Lucia Villanueva,
By her attorney,


Michael R. Rezendes
REZENDES & TREZISE
BATTERYMARCH PARK II
Quincy, MA 02169
617 472-3900
BBO#417840

Dated: May 20, 2005

4

FROM : TORREY USA INC                    FAX NO. : 281 564 3246              Jun. 10 2005 03:33PM  P3

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) · | Trial Court of Massachusetts Superior Court Department County: _Suffolk_ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Lucia Villanueva | Torrey USA Inc. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (If Known) |
|---|---|
| Michael R. Rezendez  BA # 417340 Rezendez & Tryon Barneyman & Tryon Quincy, MA  02169   617-472-3960 | |

Original code and track designation

Place an x in one box only:
- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- ☐ 4. F04 District Court Appeal c. 231, s. 97 & 104 (after trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgement/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) TRACK | IS THIS A JURY CASE? |
|---|---|---|
| BC4 | Personal Injury          (F) | (✓) YES    ( ) NO |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A.   Documented medical expenses to date:
1.   Total hospital expenses                                          $   56,532.55
2.   Total Doctor expenses                                           $ _____
3.   Total chiropractic expenses                                     $ _____
4.   Total physical therapy expenses                                 $ _____
5.   Total other expenses (describe)  VNA                            $   403.55
                                                   Subtotal          $   56,936.00
B.   Documented lost wages and compensation to date                  $   unknown
C.   Documented property damages to date                             $ _____
D.   Reasonably anticipated future medical and hospital expenses     $   unknown
E.   Reasonably anticipated lost wages                               $   unknown
F.   Other documented items of damages (describe)                    $ _____

G.   Brief description of plaintiff's injury, including nature and extent of injury (describe)
     Traumatic amputation of right
     thumb and right index finger.
                                                                     $ _____
                                                   TOTAL             $   56,936.95 +

CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

          N/A

                                                   TOTAL             $ _____

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT          None

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____          DATE: 5/30/05

AOTC-6 mac006-11/99

10-Jun-05  03:58PM

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT
                                               C.A. NO. 05-2173-D


LUCIA VILLANUEVA          )
              Plaintiff   )
                          )
VS.                       )
                          )
TOR REY USA INC.          )
              Defendant   )


### PLAINTIFF'S INTERROGATORIES TO DEFENDANT

### DEFINITIONS

Wherever they hereafter appear the following words and phrases
have the following meanings:

1.      DOCUMENT means all written, typewritten, printed,
photocopied, drawn, graphic, photographic, recorded, filmed and
microfilmed materials of every description. It includes, by way of
limitation, the following:

a.      blueprints, plans, sketches, diagrams, drawings, maps,
charts, graphs and models, including preliminary drafts of any of the
foregoing;

b.      books, logs, diaries, journals, ledgers, notebooks and
reports, including preliminary drafts of any of the foregoing;

FROM : TORREY USA INC                    FAX NO. : 281 564 3246              Jun. 10 2005 03:34PM  P5

c.  notes, minutes of meetings, memoranda, letters, correspondence, telegrams and notations and records of telephone calls and conversations, including preliminary drafts of any of the foregoing;

d.  photographs, films, microfilms, tapes, videotapes and recordings;

e.  computer lists, printouts, programs and data;

f.  mathematical and scientific formulas, computations and data;

g.  purchase orders, invoice, confirmations, contracts, agreements, equipment leases, sale slips, receipts, bills and cancelled checks.

h.  checklists, quality control records, line setting tickets, and testing and inspection tags, reports and records; and,

i.  instructions, directions, warnings, packing slips, package inserts, labels, signs, tags, owners' manuals, operators' manuals; repair, shop, maintenance and installation manuals; parts lists; catalogues, brochures and circulars, including manuals; parts lists, catalogues, brochures and circulars, including preliminary drafts and amended or modified versions of any of the foregoing.

2.  PERSON includes any natural person, firm corporation, partnership, joint venture, organization, group or natural persons, business entity, and any agent of same.

2

3.    IDENTIFY means:

a. with respect to persons, state the full name, residential address, business address, date of birth, occupation, employer, job title and job description of the person;

b.    with respect to DOCUMENTS, specify the date of preparation, identify the person(s) who prepared the document or caused it to be prepared, identify the person(s) to whom the document were directed or communicated, and describe the documents in a way that distinguishes it from all other documents; and

c.    with respect to companies, state the company's full legal name and the business address of its principal place of business. If the company is a corporation, specify the date and state of its incorporation. If the company is a partnership, identify the partners. If it is neither a corporation nor a partnership, identify the principal(s) of the company.

4.    The PLAINTIFF means Lucia Villanueva.

5.    The DEFENDANT means Tor Rey USA, Inc.

6.    The ACCIDENT means the accident of February 18, 2005.

7.    STATEMENT means:

(a)    a written statement, signed or otherwise adopted or approved by the person making it; and,

3

(b)    a stenographic, mechanical, electrical or other recording, or
a transcription thereof, which is a substantially verbatim recital of an
oral statement by the person making it and contemporaneously recorded.

8.    THE PRODUCT means the certain meat grinder referred to in
the Complaint, and/or designed, invented, manufactured, assembled,
and/or produced by the above-defined DEFENDANT.

9.    EACH COMPONENT PART OF THE PRODUCT means any
and all component parts used int he PRODUCT whether designed,
invented, manufactured, assembled, or produced by the DEFENDANT or
not.

10.    IDENTICAL PRODUCT (s) means goods manufactured or
marketed by the Defendant of the same type as the product, or the same
model as the product, or of essentially the same design as the product,
although not necessarily of the same year of manufacture as the product.

11.    SIMILAR PRODUCT (S) means any goods, whether
manufactured or marketed by the Defendant or by any other person or
company, which are used for substantially the same purpose as the
product is used, whether or not they bear different make or model
designations, or are of different size and dimensions than the product.

4

FROM : TORREY USA INC              FAX NO. : 281 564 3246        Jun. 10 2005 03:35PM  P8

## INTERROGATORIES

1.    Please state your name, residence, business address, age, and position which you hold with the Defendant company.

2.    Please identify each expert witness, including medical witnesses, economists and employment experts as well as liability expert witnesses, whether employed by the Defendant or otherwise whom the Defendant expects to call at the trial of this action, stating in your answer:

a.    the qualifications of each such person;

b.    the subject matter on which each expert may be expected to testify;

c.    the substance of all facts about which each such expert may be expected to testify;

d.    the contents of all opinion to which each expert may be expected to testify;

e.    a summary of the grounds for each such opinion;

f.    list each case, by caption, court and docket number, in which each such expert has testified either in a deposition or at trial, and identify the plaintiff's counsel in each such case;

5

FROM : TORREY USA INC              FAX NO. : 281 564 3246              Jun. 10 2005 03:35PM  P9

g.    describe fully the educational background and employment experience of each such expert;

h.    list each professional society and association of which each such expert is or has been a member and state the inclusive dates of membership;

i.    give the title and citation of each paper and publication which each such expert has offered or to which he or she has contributed.

3.    Please describe the product and each component part of the product by stating its dimensions and size, patent number(s), material(s) of construction, chemical or physical composition, ingredients (by percentage), trade name, brand name, model name, model number, their present location and the use to which the Defendant intended they be put.

4.    Please identify each person and company which participated in each of the following areas with respect to the product and each component part of the product:

a.    invention and development;

b.    design;

c.    manufacture and assembly;

d.    testing and inspection;

e.    packaging;

6

    f.     advertising and promotion;

    g.    marketing, distribution, wholesaling and retailing;

    h.    development of safety features, safety measures, safety appliances, safety equipment or design safety considerations; and,

    i.     preparation of instructions, directions and warnings.

    5.    Please identify the present officer, director, agent, servant or employee of the defendant who has the most knowledge about each of the following areas with respect to the product and each component part of the product:

    a.    invention and development;

    b.    design;

    c.    manufacture and assembly;

    d.    testing and inspection;

    e.    packaging;

    f.    advertising and promotion;

    g.    marketing, distribution, wholesaling and retailing;

    h.    development of safety features, safety measures, safety appliances, safety equipment or design safety consideration; and

    i.    preparation of instructions, directions and warnings.

    6.    If the defendant is or was at any time a party to any contract or agreement which relates to the manufacture, distribution, sale or marketing of the product, please give the following information:

7

    a.     identify the parties to and give the effective dates of each such contract or agreement; and,

       b.     describe the substance of each such contract or agreement.

       7.     Please specify the following dates with respect to the product and each component part of the product:

       a.     the date(s) they were invented and designed;

       b.     the date(s) they were manufactured and assembled;

       c.     the date(s) upon which the defendant acquired and disposed of them;

       d.     the date the product was wholesaled; and,

       e.     the date the product was retailed or turned over to the ultimate user or consumer.

       8.     Please describe, step by step, the process whereby the product was:

       a.     developed and designed;

       b.     manufactured.

       9.     Please describe all tests performed by the defendant, either during the development process or post manufacture, upon the product, each component part of the product, or any identical product, or any prototype of any of the foregoing, and specify the date of each such test.

       a.     Summarize the results of each such test;

       b.     Identify who conducted each such test.

8

10.    Please describe all inspections performed either before or after the accident by the defendant on the product and each component part of the product, and specify the date of each such inspection.

a.    Describe fully the observations made during each such inspection;

b.    Identify who conducted each such inspection.

11.    If the defendant has instituted or modified any testing or inspection procedures since it sold or transferred the product, please give the following information:

a.    specify when and why such procedures were instituted or modified;

b.    describe, step by step, each such procedure or modification; and,

c.    identify who decided upon or authorized each such procedure or modification.

12.    Please identify all documents which relate to the sale or transfer of or which accompanied the product, or any component part of the product, when they were sold or transferred by or on behalf of the defendant.

13.    If the product or any component part of the product was accompanied by any warnings, directions or instructions when the

9

defendant sold, distributed or transferred it, please give the following information:

    a.    identify and describe the substance of each document that constituted or contained any warnings, directions or instructions;

    b.    specify the date each such document was drafted;

    c.    describe how each such document was affixed to the product or any component part thereof;

    d.    describe everything the defendant did to insure that each such document would come to the attention of the ultimate user or consumer;

    e.    specify each date upon which each such document was ever revised, amended or modified;

    f.    describe the substance of each such revision, amendment and modification; and,

    g.    identify the person who drafted each such document and each such revision, amendment and modification.

    14.    If any food or meat processors or grinders sold or transferred by the defendant were at any time, or presently are, provided with any warnings, directions or instructions different from or additional to those described in your answers to the preceding Interrogatory, please give the following information:

10

a.     identify and state the substance of each document that constitutes or contains any such warning, direction or instruction;

b.     specify the date each such document was drafted;

c.     describe how each such document is or was affixed to the similar or identical product or any component part thereof;

d.     describe everything the defendant did to insure that each such document would come to the attention of the ultimate user or consumer;

e.     specify each date upon which each such document was ever revised, amended or modified;

f.     describe the substance of each such revisions, amendment and modification; and ,

g.     identify the person who drafted each such document and each such revision, amendment and modification; and,

h.     describe everything the defendant did at any time to communicate each such different or additional warning, direction or instruction to the ultimate user or consumer of the product which was involved in the accident.

15.     Identify all optional components or equipment which the defendant has ever made available for sale with the product.

16.     If the defendant claims to have communicated to any person or company any oral warnings, directions or instructions about the

11

product or any component part of the product, please give the following information:

    a.    identify the person(s) who gave and the person(s) who received or were in hearing distance of the warnings, directions or instruction;

    b.    describe the substance of the warnings, directions and instructions; and,

    c.    specify the date(s) upon which and the location(s) at which each such warning, direction or instruction was given.

    17.    If the product or any component part of the product was equipped with any safety features, safety measures, safety appliances, safety equipment or design safety considerations (hereinafter collectively referred to as "safety features") when the defendant sold or transferred them, please give the following information:

    a.    describe each such safety feature and give the patent number(s) and trade name(s) of each such safety feature;

    b.    identify the person(s) who designed, applied or adapted each such safety feature;

    c.    explain the intended function and purpose of each such safety feature; and,

    d.    specify the date that each such safety feature was developed.

18.    If any identical or similar products sold or transferred by the defendant were at any time, or presently are, equipped with any safety features different from or additional to those described in your answers to the preceding interrogatory, please give the following information:

a.    describe each such safety feature and give the patent number(s) and trade name(s) of each such safety feature;

b.    identify the person(s) who designed, applied or adapted each such safety feature;

c.    explain the intended function and purpose of each such safety feature;

d.    specify the date upon which each such safety feature was incorporated into identical or similar products;

e.    specify each date upon which each such safety feature was altered or modified;

f.    describe the purpose and substance of each such alteration and modification;

g.    identify the person(s) who drafted or designed each such alteration or modification; and

h.    describe everything the defendant did to inform the ultimate user or consumer of the product involved in the accident of the development of or the existence of each such different or additional safety feature.

13

FROM : TORREY USA INC                FAX NO. : 281 564 3246              Jun. 10 2005 03:38PM  P17

19.    If the defendant prepared, distributed or communicated any documents which relate or refer to repairing or maintaining the product or any component part of the product, please give the following information:

    a.    identify and describe the substance of each such document;

    b.    specify when each such document was originally drafted;

    c.    describe how each such document was distributed or communicated by the defendant;

    d.    specify the date upon which each such document was revised, amended or modified;

    e.    describe the substance of each such revision, amendment and modification;

    f.    identify the person(s) who drafted each such document and each such revision, amendment and modification; and,

    g.    describe everything the defendant did at any time to communicate such document and each such revision, amendment and modification to the ultimate user or consumer of the product.

20.    If the defendant advertised or promoted, or caused to be advertised or promoted, the product or any component part of the product or any identical product, please give the following information:

    a.    identify the person(s) who or company(ies) which prepared the advertising and promotional materials;

14

b.    identify and describe each document which constitutes or relates to any such advertising and promotional materials;

c.    specify the date of preparation of each such document; and,

d.    describe the means and identify the media by which each such document was distributed or published.

21.   If the defendant did or does contact or consult with any independent research, testing or certifying or approving laboratory or company with respect to the product, please give the following information:

a.    identify each person and company the defendant has contacted or consulted;

b.    explain the purpose of each such contract or consultation;

c.    specify the date of each such contact or consultation;

d.    describe the product involved in each such contact or consultation;

e.    specify which, if any, of the defendant's products are or were certified or approved by any such person or company and specify the date of each such certification or approval; and,

f.    specify which, if any, of the defendant's products were declined certification or approval by any such person or company and the date of and reason for each such declination.

15

22.    If the defendant is, or was at any time, aware of any federal or national (meaning any nation), state, local or municipal law, statute, ordinance, regulation or requirement (hereinafter collectively referred to as "laws") which regulated the design, assembly, testing, marketing or safety or the product or any identical product, please give the following information:

a.    state the full citation of each such law;

b.    specify the date upon which the defendant became aware of each such law;

c.    specify how, if at all, the product or any component part of the product violated or failed to comply with any such law.

23.    If the defendant is, or was at any time, aware of any written or printed industry or trade standards, tests, procedures or practices (hereinafter collectively referred to as "standards") which regulate, or give guidance as to, the design, assembly, testing, marketing or safety of the product or any identical product, please give the following information:

a.    state the full citation of each such standard;

b.    specify the date upon which the defendant became aware of each such standard;

c.    state whether or not the defendant purports to adhere to or follow each such test or standard; and,

16

    d.    specify how, if at all, the product or any component part of the product violated or failed to comply with any such standard.

    24.    If the defendant has any in-house standards, tests, procedures or practices (hereinafter referred to collectively as "standards"), whether reduced to writing or not, which it purports to follow and which relate to the quality or safety of products which it sells or transfers, please give the following information;

    a.    identify each document which constitutes, refers to or relates to each such standard;

    b.    identify the person(s) who drafted or established each such standard;

    c.    specify the date that each such standard was established or drafted;

    d.    explain the purpose of each such standard; and,

    e.    specify how, if at all, the product or any component part of the product violated or failed to comply with any such standard.

    25.    Did the defendant receive from any source any oral communications or any documents wherein the product, any component part of the product:

    a.    was commented upon or criticized with respect to safety to the user or to persons or property in the area of use; or,

17

FROM : TORREY USA INC                FAX NO. : 281 564 3246              Jun. 10 2005 03:40PM  P21

    b.    was said to have been involved in any accident wherein bodily injury or property damage was suffered?

    26.    Please describe how, and specify the date, the defendant first learned of the accident.

    27.    If the defendant has ever been named as a party to any civil or criminal action involving any claim that the product or any identical or similar product was defective or presented safety hazards to the user or to persons or property in the area of use, please give the following information:

    a.    list each such case by caption, court and docket number;

    b.    identify counsel for the plaintiff(s) in each such case;

    c.    specify the date upon which each such case was filed and the date upon which the defendant was served with process;

    d.    identify each officer, director, agent, servant and employee of the defendant who testified either at a deposition or at trial and specify the applicable case;

    e.    identify each officer, director, agent, servant or employee of the defendant who observed all or part of any such trial and specify the applicable case;

    f.    specify and describe the product involved in each case; and,

    g.    specify the claimed defects or safety hazards of each such product.

10-Jun-05 03:58P

28.    If the defendant has ever been contacted by a representative of any agency, division, department, bureau or commission of the federal or any national (meaning any nation), state, local or municipal government (hereinafter collectively referred to as "government agencies") with respect to any alleged defects or safety hazards or misrepresentations about the product or any identical or similar product, please give the following information:

a.    describe each product involved;

b.    specify the alleged defects, safety hazards or misrepresentations;

c.    specify the date of each such contract;

d.    identify each government representative who made the contact and each employee of the defendant who responded to it;

e.    give the citation of any law allegedly violated by the defendant or its products; and

f.    describe any corrective measures  taken by the defendant with respect to each alleged defect, safety hazard or misrepresentation.

29.    If any government agency regularly examines, inspects or tests the defendant's products, manufacturing processes or marketing techniques, please give the following information:

a.    identify each such agency; and,

19

    b.    describe the activities of each such agency that pertain to the defendant.

    30.    Does the defendant claim that the use to which the product or any component part thereof was being put at the time of the accident was improper or unforeseeable?

    a.    If so, describe fully how, why and in what manner the said use was improper or unforeseeable.

    b.    If the defendant claims a misuse of the product, did the defendant at any time prior to the accident learn of any identical or similar product being misused in the same or a similar fashion?

    c.    If you answer to Interrogatory 33(b) is anything other than an unqualified negative, identify each document which refers to or relates to the misuse of any identical or similar product.

    d.    Describe everything the defendant did to prevent or warn the ultimate user or consumer of the product which was eventually involved in the accident against the misuse of the product.

    31.    If the defendant claims that the product or any component parts of the product were altered or modified in any material respect after the defendant sold or transferred them, please give the following information:

    a.    describe each such alteration or modification;

    b.    specify the date of each such alteration or modification;

20

FROM : TORREY USA INC                FAX NO. : 281 564 3245              Jun. 10 2005 03:41PM  P24

c.    state when the defendant became aware of each such alteration or modification;

d.    identify all documents in the possession of the defendant or to which the defendant has access which refer or relate to each such alteration or modification; and,

e.    explain how each such alteration or modification affects the safety of the product from the standpoint of the user or person or property in the area of use.

Respectfully submitted,
Plaintiff, Lucia Villanueva,
By her attorney,


Michael R. Rezendes
REZENDES & TREZISE
BATTERYMARCH PARK II
Quincy, MA 02169
617 472-3900
BBO#417840

Dated: 6-2-05

21

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                          SUPERIOR COURT
                                     C.A. NO. 05-2173-D

LUCIA VILLANUEVA          )
            Plaintiff     )
                          )
VS.                       )
                          )
TOR REY USA INC.          )
            Defendant     )

# PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT

## DEFINITIONS

Wherever they hereafter appear the following words and phrases have the following meanings:

1.    DOCUMENT means all written, typewritten, printed, photocopies, drawn, graphic, photographic, recorder, filmed and microfilmed materials of every description. It includes, by way of illustration and not by way of limitation, the following:

a.    blueprints, plans, sketches, diagrams, drawings, maps, charts, graphs, and models, including preliminary drafts of any of the foregoing.

b.    books, logs, diaries, journals, ledgers, notebooks and reports, including preliminary drafts of any of the foregoing;

2

c.    notes, minutes of meetings, letters, correspondence, telegrams and notations and records of telephone calls and conversations, including preliminary drafts of any of the foregoing;

d.    photographs, films, microfilms, tapes, videotapes and recordings;

e.    computer lists, printouts, programs and data;

f.    mathematical and scientific formulas, computations and data; and

g.    purchase orders, invoices, confirmations, contracts, agreements, equipment leases, sale slips, receipts, bills and cancelled checks.

### CLAIMS OF PRIVILEGE

Documents requested herein withheld by the Defendant under a claim of privilege, work product immunity or the like, shall be listed (and sufficiently identified to be described in a Motion for their production) with a statement as to the basis for the withholding of each such document.

### DOCUMENTS REQUESTED

1.    The product which is alleged to have caused the plaintiff's injuries, and if not available, an identical product.

2.    Each sales slip, invoice, purchase order, bill, cancelled check and other record which relates to the sale, distribution or lease of the product.

3

3.     Each written, printed or graphic document, booklet, pamphlet, brochure, catalogue and/or circular prepared by or on the behalf of the defendant, Tor Rey USA, Inc., which relate to the qualities, capabilities, capacity and/or characteristics of the product.

4.     Each written or printed document, brochure, booklet, pamphlet and/or illustration which accompanied the product when it was sold or in any way distributed by the defendant, Tor Rey USA, Inc.

5.     Each written or printed document containing any instructions, directions and/or warnings regarding the product which have been prepared by or on behalf of the defendant, Tor Rey USA, Inc.

6.     Each document containing any warranties or guaranties which the defendant, Tor Rey USA, Inc., provided upon the sale or distribution of the product.

7.     All photographs, drawings, and/or diagrams which depict:

a.     the product; and

b.     the location of the alleged accident.

8.     Each investigative report regarding the alleged accident or the product prepared by any governmental agency, bureau or department.

9.     Any and all statements regarding the alleged accident or product, whether signed or unsigned, handwritten, typewritten or recorded by mechanical or electronic means made by:

a.     any witness to the alleged accident;

4

b.    any person on the scene immediately before and/or after the alleged accident;

c.    any person with direct knowledge of the alleged defective condition of the product.

10.    Each report, letter, memoranda, or other writing prepared by any expert concerning the alleged accident and/or the product.

11.    Copies of any and all applicable safety standards, safety orders, regulations, laws, rules, and design requirements of any local, state or federal government applicable to the manufacture or use of the product.

12.    Copies of any and all applicable safety standards, safety orders, regulations, laws, rules, and design requirements promulgated by any professional society or association applicable to the manufacture or use of the product.

13.    Copies of any and all brochures, writings, warnings, instructions or other materials written or photographic, made available to distributors, ultimate users or the general public concerning the design, operation and/or use of the subject product or similar products thereof.

14.    Copies of any and all documents regarding tests, studies, evaluations, investigations or analyses done in connection with the design, manufacture, sale or use of the subject product.

5

15.  Copies of any and all documents, including but not limited to claim letters, pleadings, reference compensation claims, investigatory reports, memoranda and other correspondence relating to the subject product.

16.  Copies of any and all documents which describe the design, manufacture, assembly, service, maintenance or use of the subject product.

17.  Copies of any and all documents regarding all tests or inspections made with respect to the subject product or identical or similar items.

18.  Copies of any and all documents regarding any modifications, alterations or changes in the design, manufacture or assembly of the subject product and any of its component parts or identical or similar items.

19.  Copies of any and all documents regarding design, specifications, failure note and defects analysis, cost benefit analyses and prototype testing for the manufacture, assembly and use of the subject product.

20.  Copies of any and all internal reports regarding the plaintiff and any of the events and happenings referred to in the plaintiff's Complaint.

21.  Copies of all liability insurance policies providing coverage for plaintiff's claim.

FROM : TORREY USA INC                FAX NO. : 281 564 3246            Jun. 10 2005 03:43PM  P30

6

22.    Copies of any and all documents from the Occupational

Safety and Health Administration including but not limited to rules,

regulations, design, manufacture and use specifications, instructions,

warnings, citations and approval for the use, manufacture, assembly

distribution, sale and use of the subject product or products identical or

similar thereto.

Production of the above designated documents and things shall be

produced for inspection and/or copying at the office of Plaintiff's

Counsel, Michael R. Rezendes, REZENDES & TREZISE, Batterymarch

Park II, Quincy, Massachusetts 02169.

A written response to this request is required within 30 days.

Respectfully submitted,
For the Plaintiff,
Lucia Villaneuva,
By his Attorney,


Michael R. Rezendes
BBO No. 417840
REZENDES & TREZISE
Batterymarch Park II
Quincy, MA 02169