MAS-20030912  
guen

**Commonwealth of Massachusetts**  
**SUFFOLK SUPERIOR COURT**  
Case Summary  
Civil Docket

06/24/2005  
03:52 PM

## SUCV2005-02173
### Villanueva v Tor Rey USA Inc

| | | | | | |
|---|---|---|---|---|---|
| File Date | 05/31/2005 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 06/24/2005 | Session | D - Civil D, 3 Pemberton Square, Boston | | |
| Origin | 1 | Case Type | B04 - Other negligence/pers injury/pro | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 08/29/2005 | Answer | 10/28/2005 | Rule12/19/20 | 10/28/2005 |
| Rule 15 | 10/28/2005 | Discovery | 03/27/2006 | Rule 56 | 04/26/2006 |
| Final PTC | 05/26/2006 | Disposition | 07/25/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**  
Lucia Villanueva  
Active 05/31/2005

**Private Counsel** 417840  
Michael R Rezendes  
Rezendes & Trezise  
Batterymach Park II  
Quincy, MA 02169  
Phone: 617-472-3900  
Fax: 617-472-3399  
Active 05/31/2005 Notify

**Defendant**  
Tor Rey USA Inc  
Service pending 05/31/2005

**Out-of-state attorney**  
kane N. Bennett  
225 asylum s  
Hartford,  
, CT 06103  
Phone: 860-297-4656  
Active 06/24/2005

I HEREBY ATTEST AND CERTIFY ON  
JUNE 27, 2005, THAT THE  
FOREGOING DOCUMENT IS A FULL,  
TRUE AND CORRECT COPY OF THE  
ORIGINAL ON FILE IN MY OFFICE,  
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN  
CLERK / MAGISTRATE  
SUFFOLK SUPERIOR CIVIL COURT  
DEPARTMENT OF THE TRIAL COURT

BY: _____  
ASSISTANT CLERK.

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/31/2005 | 1.0 | Complaint & Jury demand |
| 05/31/2005 | | Origin 1, Type B04, Track F. |
| 05/31/2005 | 2.0 | Civil action cover sheet filed |
| 06/24/2005 | | Copy of petition for removal to U. S. Dist. Court of Deft. Tor Rey USA, Inc. U. S. Dist.#(05-CV-11333MEL). |
| 06/24/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-2173-() | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|
| **PLAINTIFF(S)** Lucia Villaneuva | | **DEFENDANT(S)** Tor Rey USA Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Michael R. Rezendes BBO# 417840 Rezendes + Trezise Batterymarch Park II Quincy, MA 02169   617-472-3900 | | ATTORNEY (if Known) |

Original code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c. 231, s. 97 & 104 (after trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgement/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Personal Injury | (F) | (✓) YES   ( ) NO |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses                                          $ 56,551.05
2. Total Doctor expenses                                            $ _____
3. Total chiropractic expenses                                      $ _____
4. Total physical therapy expenses                                  $ _____
5. Total other expenses (describe) VNA                              $ 415.05
   Subtotal                                                         $ 56,966.90
B. Documented lost wages and compensation to date                   $ unknown
C. Documented property damages to date                              $ —
D. Reasonably anticipated future medical and hospital expenses      $ unknown
E. Reasonably anticipated lost wages                                $ unknown
F. Other documented items of damages (describe)                     $ —
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Traumatic amputation of right thumb and right index finger.

TOTAL $ 56,966.90 +

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

N/A

TOTAL $ _____

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT   None

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _[signature]_       DATE: 5/20/05

AOTC-6 mtc005-11/99
a.o.s.c. 1-2000

[Stamp:] MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE — SUFFOLK SUPERIOR CIVIL CLERK'S OFFICE — 2005 MAY 31 P 2:55

I HEREBY ATTEST AND CERTIFY ON JUNE 27, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _[signature]_
ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                            SUPERIOR COURT
                                                        C.A. NO. NEW ENTRY

LUCIA VILLANUEVA        )
        Plaintiff       )
                        )
VS.                     )
                        )
TOR REY USA INC.        )
        Defendant       )

## COMPLAINT

1. Plaintiff, Lucia Villanueva, is a resident of Chelsea, Massachusetts.

2. Defendant, Tor Rey USA Inc. is a foreign corporation with a usual place of business at 3737 Yale Street, Houston, Texas and regularly transacts and solicits business and derives revenue from goods and equipment sold, purchased and used within the Commonwealth of Massachusetts.

### COUNT I

3. On or about February 18, 2005, the Plaintiff, Lucia Villanueva was caused to sustain serious and permanently disabling injuries when her right hand was caused to be pulled into a meat grinder which was designed, redesigned, manufactured, remanufactured, serviced, repaired, inspected, sold, distributed and/or placed into the stream of commerce by defendant, Tor Rey USA, Inc.

4. The injuries sustained by the Plaintiff, Lucia Villanueva, were the direct and proximate result of the carelessness and negligence of the defendant, Tor Rey USA, Inc. as follows:

    a. It was negligent in its, design, redesign, manufacture, remanufacture, service, repair, inspection, sale, distribution and installation of the subject machine;

    b.    It negligently failed to warn, instruct, adequately warn or adequately instruct the Plaintiff concerning the dangerous and defective nature and propensities of the machine when it knew or in the exercise of due care should have known that persons such as this Plaintiff were ignorant of such in dangerous or defective characteristics;

    c.    It negligently disposed of said machine and placed it into the channels of trade and the stream of commence when the defendant knew or in the exercise of reasonable care should have known that said machine was unreasonably dangerous and defective in nature and design or in a dangerous or defective condition;

    d.    It negligently placed said machine into the channels of trade in a manner which the defendant foresaw or in the exercise of reasonable care should have foreseen would likely carry said machine into contact with persons such as the Plaintiff who are ignorant of the unreasonably dangerous and defective nature and characteristics of said machine including the Plaintiff.

5.    As a direct and proximate result of the negligence of the Defendant, Tor Rey USA, Inc. as herein above set forth, the Plaintiff, Lucia Villanueva, was caused to sustain serious and permanent physical and emotional injury. By reason of said injury, Plaintiff, Lucia Villanueva, has been caused to suffer permanent loss of function and mobility, she has been caused to incur expense for hospital, surgical and medical treatment, her ability to work and earn income has been impaired, her activities have been restricted and her ability to lead a normal life has been adversely affected.

Wherefore, the Plaintiff, Lucia Villanueva, prays judgment against the Defendant, Tor Rey USA, Inc. in an amount to be determined by a jury during the trial of the action together with the costs and interest on this action.

### COUNT II

6.    The Plaintiff, Lucia Villanueva, herein repeats and reavers each and every allegation contained within paragraphs 1 through 5 as though specifically rewritten and set forth herein.

2

7. The Defendant, Tor Rey USA, Inc., expressly and impliedly warranted to the general public and to this Plaintiff in particular that said machine was safe merchantable and fit for the purpose for which it was intended.

8. The Defendant, Tor Rey USA, Inc., breached its warranties in that said machine was unsafe, not of merchantable quality and was unfit for the purposes for which it was intended.

9. Plaintiff relied upon the warranties made by the Defendant and was caused to suffer severe personal injury as a direct and proximate result of the breaches of said warranty by the defendant.

10. Due notice has been given to the defendant, Tor Rey USA, Inc., of its breaches of warranty.

11. As a direct and proximate result of the breaches of warranty of the Defendant, Tor Rey USA, Inc., all as here and above set forth, the Plaintiff, Lucia Villanueva, was caused to sustain serious and permanent physical and emotional injury, suffer permanent loss of function and mobility, she has been caused to incur expense for hospital, surgical and medical treatment, her ability to work and earn income has been impaired, her activities have been restricted and her ability to lead a normal life has been adversely affected.

Wherefore, the Plaintiff, Lucia Villanueva, prays judgment against the defendant, Tor Rey USA, Inc., in an amount to be determined by a jury during the trial of the action together with the costs and interest on this action.

## COUNT III

12. The Plaintiff, Lucia Villanueva, herein repeats and reavers each and every allegation contained within paragraphs 1 through 11 as though specifically rewritten and set forth herein.

13. At all times mentioned herewith the defendant, Tor Rey USA, Inc., was engaged in trade or commerce within the meaning of M.G.L. ch. 93A.

14. The carelessness, negligence and breaches of warranty of the defendant, as more particularly set forth hereinabove,

3

constitute unfair or deceptive acts or practices within the meaning of M.G.L. ch. 93A as defined by the regulations of the offices of Massachusetts Attorney General.

Wherefore, Plaintiff, Lucia Villanueva, demands judgment against defendant, Tor Rey USA, Inc. in treble the amount of any judgment awarded by a jury of this Court on Counts I and II of this Complaint plus reasonable attorneys fees, interest and costs of this action pursuant to the terms and provisions of M.G.L. ch. 93A.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.

I HEREBY ATTEST AND CERTIFY ON

JUNE 27, 2005 THAT THE

FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

Respectfully submitted,
Plaintiff, Lucia Villanueva,
By her attorney,

Michael R. Rezendes
REZENDES & TREZISE
BATTERYMARCH PARK II
Quincy, MA  02169
617 472-3900
BBO#417840

Dated: May 20, 2005

4