UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-11333 MEL

| | |
|---|---|
| LUCIA VILLANUEVA | ) |
|     Plaintiff | ) |
| | ) |
| VS. | ) |
| | ) |
| TOR REY USA INC. | ) |
|     Defendant | ) |

## AMENDED COMPLAINT

1. Plaintiff, Lucia Villanueva, is a resident of Chelsea, Massachusetts.

2. Defendant, Tor Rey USA Inc. is a foreign corporation with a usual place of business at 3737 Yale Street, Houston, Texas and regularly transacts and solicits business and derives revenue from goods and equipment sold, purchased and used within the Commonwealth of Massachusetts.

3. Defendant General Services, Inc. is a Massachusetts corporation with a usual place of business at 100 Hicks Ave., Medford, MA.

### COUNT I

4. On or about February 18, 2005, the Plaintiff, Lucia Villanueva was caused to sustain serious and permanently disabling injuries when her right hand was caused to be pulled into a meat grinder which was designed, redesigned, manufactured, remanufactured, serviced, repaired, inspected, sold, distributed and/or placed into the stream of commerce by defendant, Tor Rey USA, Inc.

5. The injuries sustained by the Plaintiff, Lucia Villanueva, were the direct and proximate result of the carelessness and negligence of the defendant, Tor Rey USA, Inc. as follows:

      a.      It was negligent in its, design, redesign, manufacture remanufacture, service, repair, inspection, sale, distribution and installation of the subject machine

      b.      It negligently failed to warn, instruct, adequately warn or adequately instruct the Plaintiff concerning the dangerous and defective nature and propensities of the machine when it knew or in the exercise of due care should have known that persons such as this Plaintiff were ignorant of such in dangerous or defective characteristics;

      c.      It negligently disposed of said machine and placed it into the channels of trade and the stream of commence when the defendant knew or in the exercise of reasonable care should have known that said machine was unreasonably dangerous and defective in nature and design or in a dangerous or defective condition;

      d.      It negligently placed said machine into the channels of trade in a manner which the defendant foresaw or in the exercise of reasonable care should have foreseen would likely carry said machine into contact with persons such as the Plaintiff who are ignorant of the unreasonably dangerous and defective nature and characteristics of said machine including the Plaintiff

6. As a direct and proximate result of the negligence of the Defendant, Tor Rey USA, Inc. as herein above set forth, the Plaintiff, Lucia Villanueva, was caused to sustain serious and permanent physical and emotional injury. By reason of said injury, Plaintiff, Lucia Villanueva, has been caused to suffer permanent loss of function and mobility, she has been caused to incur expense for hospital, surgical and medical treatment, her ability to work and earn income has been impaired, her activities have been restricted and her ability to lead a normal life has been adversely affected.

Wherefore, the Plaintiff, Lucia Villanueva, prays judgment against the Defendant, Tor Rey USA, Inc. in an amount to be determined by a jury during the trial of the action together with the costs and interest on this action.

## COUNT II

7. The Plaintiff, Lucia Villanueva, herein repeats and reavers each and every allegation contained within paragraphs 1 through 5 as though specifically rewritten and set forth herein.

8. The Defendant, Tor Rey USA, Inc., expressly and impliedly warranted to the general public and to this Plaintiff in particular that said machine was safe merchantable and fit for the purpose for which it was intended.

9. The Defendant, Tor Rey USA, Inc., breached its warranties in that said machine was unsafe, not of merchantable quality and was unfit for the purposes for which it was intended.

10. Plaintiff relied upon the warranties made by the Defendant and was caused to suffer severe personal injury as a direct and proximate result of the breaches of said warranty by the defendant.

11. Due notice has been given to the defendant, Tor Rey USA, Inc., of its breaches of warranty.

12. As a direct and proximate result of the breaches of warranty of the Defendant, Tor Rey USA, Inc., all as here and above set forth, the Plaintiff, Lucia Villanueva, was caused to sustain serious and permanent physical and emotional injury, suffer permanent loss of function and mobility, she has been caused to incur expense for hospital, surgical and medical treatment, her ability to work and earn income has been impaired, her activities have been restricted and her ability to lead a normal life has been adversely affected.

Wherefore, the Plaintiff, Lucia Villanueva, prays judgment against the defendant, Tor Rey USA, Inc., in an amount to be determined by a jury during the trial of the action together with the costs and interest on this action.

## COUNT III

13. The Plaintiff, Lucia Villanueva, herein repeats and reavers each and every allegation contained within paragraphs 1 through 12 as though specifically rewritten and set forth herein.

14. At all times mentioned herewith the defendant, Tor Rey USA, Inc., was engaged in trade or commerce within the meaning of M.G.L. ch. 93A.

15. The carelessness, negligence and breaches of warranty of the defendant, as more particularly set forth hereinabove, constitute unfair or deceptive acts or practices within the meaning of M.G.L. ch. 93A as defined by the regulations of the offices of Massachusetts Attorney General.

Wherefore, Plaintiff, Lucia Villanueva, demands judgment against defendant, Tor Rey USA, Inc. in treble the amount of any judgment awarded by a jury of this Court on Counts I and II of this Complaint plus reasonable attorneys fees, interest and costs of this action pursuant to the terms and provisions of M.G.L. ch. 93A.

### COUNT IV

16. The Plaintiff, Lucia Villanueva, herein repeats and reavers each and every allegation contained within paragraphs 1 through 1 as though specifically rewritten and set forth herein.

17. On or about February 18, 2005, the Plaintiff, Lucia Villanueva was caused to sustain serious and permanently disabling injuries when her right hand was caused to be pulled into a meat grinder which was designed, redesigned, manufactured remanufactured, serviced, repaired, inspected, sold, distributed and/or placed into the stream of commerce by defendant, General Services, Inc.

18. The injuries sustained by the Plaintiff, Lucia Villanueva, were the direct and proximate result of the carelessness and negligence of the defendant, General Services, Inc. as follows

    a. It was negligent in its, design, redesign, manufacture remanufacture, service, repair, inspection, sale, distribution and installation of the subject machine
    b. It negligently failed to warn, instruct, adequately warn or adequately instruct the Plaintiff concerning the dangerous and defective nature and propensities of the machine when it knew or in the exercise of due care should have known that persons such as this Plaintiff were ignorant of such in dangerous or defective characteristics;

  c.  It negligently disposed of said machine and placed it into the channels of trade and the stream of commence when the defendant knew or in the exercise of reasonable care should have known that said machine was unreasonably dangerous and defective in nature and design or in a dangerous or defective condition;

  d.  It negligently placed said machine into the channels of trade in a manner which the defendant foresaw or in the exercise of reasonable care should have foreseen would likely carry said machine into contact with persons such as the Plaintiff who are ignorant of the unreasonably dangerous and defective nature and characteristics of said machine including the Plaintiff

19. As a direct and proximate result of the negligence of the Defendant, General Services, Inc. as herein above set forth, the Plaintiff, Lucia Villanueva, was caused to sustain serious and permanent physical and emotional injury. By reason of said injury, Plaintiff, Lucia Villanueva, has been caused to suffer permanent loss of function and mobility, she has been caused to incur expense for hospital, surgical and medical treatment, her ability to work and earn income has been impaired, her activities have been restricted and her ability to lead a normal life has been adversely affected.

Wherefore, the Plaintiff, Lucia Villanueva, prays judgment against the Defendant, General Services, Inc. in an amount to be determined by a jury during the trial of the action together with the costs and interest on this action.

### COUNT V

20. The Plaintiff, Lucia Villanueva, herein repeats and reavers each and every allegation contained within paragraphs 1 through 1 as though specifically rewritten and set forth herein.

21. The Defendant, General Services, Inc., expressly and impliedly warranted to the general public and to this Plaintiff in particular that said machine was safe merchantable and fit for the purpose for which it was intended.

22. The Defendant, General Services, Inc., breached its warranties in that said machine was unsafe, not of merchantable quality and was unfit for the purposes for which it was intended.

23. Plaintiff relied upon the warranties made by the Defendant and was caused to suffer severe personal injury as a direct and proximate result of the breaches of said warranty by the defendant.

24. Due notice has been given to the defendant, General Services, Inc., of its breaches of warranty.

25. As a direct and proximate result of the breaches of warranty of the Defendant, General Services, Inc., all as here and above set forth, the Plaintiff, Lucia Villanueva, was caused to sustain serious and permanent physical and emotional injury, suffer permanent loss of function and mobility, she has been caused to incur expense for hospital, surgical and medical treatment, her ability to work and earn income has been impaired, her activities have been restricted and her ability to lead a normal life has been adversely affected.

Wherefore, the Plaintiff, Lucia Villanueva, prays judgment against the defendant, General Services, Inc., in an amount to be determined by a jury during the trial of the action together with the costs and interest on this action.

## COUNT VI

26. The Plaintiff, Lucia Villanueva, herein repeats and reavers each and every allegation contained within paragraphs 1 through 25 as though specifically rewritten and set forth herein.

27. At all times mentioned herewith the defendant, General Services, Inc., was engaged in trade or commerce within the meaning of M.G.L. ch. 93A.

28. The carelessness, negligence and breaches of warranty of the defendant, as more particularly set forth hereinabove, constitute unfair or deceptive acts or practices within the meaning of M.G.L. ch. 93A as defined by the regulations of the offices of Massachusetts Attorney General.

Wherefore, Plaintiff, Lucia Villanueva, demands judgment against defendant, General Services, Inc. in treble the amount of any judgment awarded by a jury of this Court on Counts IV and V of this Complaint plus reasonable attorneys fees, interest and costs of this action pursuant to the terms and provisions of M.G.L. ch. 93A.

12

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.

>Respectfully submitted,
>Plaintiff, Lucia Villanueva,
>By her attorney,
>
>_____
>Michael R. Rezendes
>REZENDES & TREZISE
>BATTERYMARCH PARK II
>Quincy, MA 02169
>617 472-3900
>BBO#417840

Dated: 8/10/05